**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

      Plaintiff,

v.

BERNARD MAYER TR, as Trustee of the
Bernard Mayer Trust,

      Defendant.

_____/

**COMPLAINT**

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, (hereinafter "Plaintiff"), sues

BERNARD MAYER TR, as Trustee of the Bernard Mayer Trust (hereinafter "Defendant"), and

as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs

pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA").

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.

§ 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen

years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

4.      At all times material, Defendant, BERNARD MAYER TR, as Trustee of the

Bernard Mayer Trust, owns and operates a commercial shopping center located at 17028 W Dixie

Hwy, North Miami Beach, FL 33160 (hereinafter the "Commercial Property") and conducted a

substantial amount of business in that place of public accommodation in Miami-Dade County,

Florida.

1

5.      Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Miami-Dade County, Florida, Defendant regularly conducts business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

6.      Although over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

7.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant has continued to discriminate against people who are disabled in ways that block them from access and use of Defendant's property and the businesses therein.

8.      The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

9.      Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He has lower paraplegia, inhibiting him from walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

10.     The Plaintiff is a staunch advocate of the ADA. Since becoming aware of his

rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

11.     He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. The Plaintiff is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

12.     Defendant, BERNARD MAYER TR, as Trustee of the Bernard Mayer Trust, owns, operates, and oversees the Commercial Property, including but not limited to its general parking lot and parking spots specific to the businesses operated therein, and the paths of travel throughout the Commercial Property located in Miami Dade County, Florida, that is the subject of this Action.

13.     The subject Commercial Property is open to the public. The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, to include visits to the Commercial Property and business located within the Commercial Property on or about February 18, 2026, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He visits the Commercial Property in order to avail himself of the goods and services offered there.  The Plaintiff visits the area where the Commercial Property is located approximately every 60 days, as he is a frequent patron of the mall(s), shopping plazas and restaurants in the North Miami Beach area. He plans to return to the Commercial Property on or before June 30, 2026, in order to avail himself of the goods and services offered at the places of public accommodation.

3

14.     The Plaintiff found the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

15.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property. The barriers to access at the Commercial Property has  denied or diminished Plaintiff's ability to visit the Commercial Property and has endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO.

16.     Defendant, BERNARD MAYER TR, as Trustee of the Bernard Mayer Trust, owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, BERNARD MAYER TR, as Trustee of the Bernard Mayer Trust, is responsible for complying with the obligations of the ADA. The place of public accommodation where Defendant, BERNARD MAYER TR, as Trustee of the Bernard Mayer Trust, owns and/or operates is the Commercial Property located at 17028 W Dixie Hwy, North Miami Beach, FL 33160.

17.     Defendant, BERNARD MAYER TR, as Trustee of the Bernard Mayer Trust, as landlord and owner of the Commercial Property, is responsible for all ADA violations listed in this Complaint.

18.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, and with respect to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected

4

to discrimination at the Commercial Property, in violation of the ADA.

19.     Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I – ADA VIOLATIONS AS TO DEFENDANT**
**BERNARD MAYER TR, AS TRUSTEE OF THE BERNARD MAYER TRUST**

20.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 19 above as though fully set forth herein.

21.     Defendant, BERNARD MAYER TR, as Trustee of the Bernard Mayer Trust,  has discriminated,  and continues to discriminate against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property are the following:

A.  Parking

i.    Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Entrance Access and Path of Travel

i.  Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are vertical changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

22.    Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA identified in this Complaint in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

23.    The individual Plaintiff has been denied access to and has been denied full and

equal enjoyment of the services, facilities privileges, benefits, programs, and activities offered by the Defendant, Defendant's building and facilities therein; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. Plaintiff requests the inspection of the barriers listed herein in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

24.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendant continues to discriminate against Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, such as the Plaintiff; and by failing to take such efforts that may be necessary to ensure that no individual with a disability, such as the Plaintiff, is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.     Defendant is required to remove the existing architectural barriers to the physically

7

disabled when such removal is readily achievable for its place of public accommodation. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

27.     Notice to a defendant is not required as a result of the defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

28.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's injunctive relief, including an order to alter the Commercial Property, located at 17028 W Dixie Hwy, North Miami Beach, FL 33160, to make those facilities readily accessible and useable to the Plaintiff; or by closing the facility until such time as the Defendant cures the violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities, such as the Plaintiff, to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, such as the Plaintiff; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 27, 2026

Respectfully submitted by,

8

**GARCIA-MENOCAL, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 553-3464
Primary E-Mail: aquezada@lawgmp.com
Secondary E-Mail: yabdalla@lawgmp.com

By: ___*/s/ Alfredo Garcia-Menocal*___
     ALFREDO GARCIA-MENOCAL
     Florida Bar No.: 533610

**THE LAW OFFICE OF RAMON J.**
**DIEGO, P.A.**
*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155
Telephone: (305) 350-3103
Primary E-Mail: rdiego@lawgmp.com
Secondary E-Mail: ramon@rjdiegolaw.com

By: ___*/s/ Ramon J. Diego*___
     RAMON J. DIEGO
     Florida Bar No.: 689203

9